UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   - v. -                 :    **INDICTMENT**

MICHAEL BARNETT,         :    15 Cr. 17 (   )

           Defendant.    :

- - - - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy)

The Grand Jury charges:

### Background

1.     The United States Department of Housing and Urban Development ("HUD") is a department of the executive branch of the federal government.

2.     The Federal Housing Administration (the "FHA") is a part of HUD's Office of Housing.  It provides mortgage insurance on loans made by FHA-approved lenders throughout the United States on mortgages on single family and multifamily homes.  FHA mortgage insurance provides lenders with protection against losses as the result of homeowners defaulting on their mortgage loans.  Loans must meet certain requirements established by FHA to qualify for insurance.

3.     At all times relevant to this Indictment, MICHAEL BARNETT, the defendant, was the developer of Vineyard Commons, a senior housing community in Ulster County.  BARNETT also planned

and helped to develop two additional residential projects in Ulster County and Orange County (the "Future Projects"). BARNETT lived and worked primarily out of Dutchess County, New York.

4.    In or about 2009, MICHAEL BARNETT, the defendant, hired a contracting firm (the "General Contractor") to be the general contractor on Vineyard Commons.  In or about 2009, the General Contractor entered into a contract with a framing company (together with the framing company's parent company, the "Framer") to be a sub-contractor on Vineyard Commons responsible for framing and rough carpentry.

5.    In or about 2009, a private lender (the "Mortgagor"), located in Washington, D.C., agreed to provide financing to Vineyard Commons, which financing would be insured by HUD/FHA. The Mortgagor was, at all relevant times, a financial institution, as that term is defined in Title 18, United States Code, Section 20, and a mortgage lending business, as that term is defined in Title 18, United States Code, Section 27.

6.    MICHAEL BARNETT, the defendant, used his position as the developer of Vineyard Commons and the Future Projects to enrich himself by, among other means, persuading contractors and subcontractors to provide him with kickbacks and to invest money in Vineyard Commons and the Future Projects.  BARNETT further

2

provided the Mortgagor with false and inflated invoices to cause the Mortgagor to provide BARNETT with HUD-insured funds.

7.     From in or about 2008 to in or about 2010, the General Contractor and multiple sub-contractors invested money in Vineyard Commons at the suggestion of MICHAEL BARNETT, the defendant.  Many of them did so, in part, because BARNETT led them to believe that doing so would make it more likely that BARNETT would hire them on either the Vineyard Commons project or the Future Projects.

8.     In or about 2009, MICHAEL BARNETT, the defendant, solicited sub-contractors at Vineyard Commons to provide labor and materials to construct a pool house at BARNETT's residence. The sub-contractors, some of whom agreed to do so, were either to absorb the costs themselves or falsely build the costs into their costs related to Vineyard Commons or the Future Projects. Some of them did so, in part, because BARNETT led them to believe that doing so would make it more likely that BARNETT would hire them on the Future Projects.

9.     On or about January 19, 2009, the Framer provided the General Contractor a final bid to supply labor and materials for Vineyard Commons (the "Final Bid").  In or about March and April 2009, representatives of the Framer and the General Contractor entered into an agreement by which the Framer agreed to provide labor and materials in an amount greater than the Final Bid (the

"Contract Price"). MICHAEL BARNETT, the defendant, and representatives of the Framer and the General Contractor intended that the difference between the Final Bid and the Contract Price (the "Contract Excess") would be returned to BARNETT as a kickback.

10. In or about February 2009, the General Contractor agreed to provide MICHAEL BARNETT, the defendant, and Vineyard Commons with a $1 million letter of credit. In order to obtain this letter of credit, BARNETT informally pledged the Contract Excess to the Contractor as collateral.

11. In or about June 2009, MICHAEL BARNETT, the defendant, needed an additional letter of credit in order to secure HUD/FHA-insured financing from the Mortgagor. The Framer provided a $650,000 letter of credit to the Mortgagor. BARNETT informally pledged the Contract Excess to the Framer as collateral.

12. On or about July 2, 2009, MICHAEL BARNETT, the defendant, and others provided HUD with a "Contractor's and/or Mortgagor's Cost Breakdown," which included an estimate of the cost of the Framer's work (the "Final Framing Price") that exceeded the Framer's actual price for labor and materials by approximately the Contract Excess.

13. Beginning in or about July 2009 and continuing until in or about January 2012, the General Contractor submitted

4

contractor's requisitions on forms provided by HUD (the "Contractor's Requisitions") to the Mortgagor, which were then sent to HUD.  The Contractor's Requisitions included a certification by a representative of the General Contractor that "all the information stated herein, as well as any information provided in the accompaniment herewith, is true and accurate."  Each of the Contractor's Requisitions set forth the Final Framing Price as the cost of rough carpentry.  Each month, the Mortgagor disbursed HUD-insured funds on the basis of the Contractor's Requisitions.

14.  In or about January 2010, representatives of the Framer agreed to pay MICHAEL BARNETT, the defendant, $200,000 from the Contract Excess so that BARNETT could make partial payment of his obligation to the General Contractor. Representatives of the Framer sent the $200,000 check to a company controlled by BARNETT that was not involved in the development of Vineyard Commons in order to mask the transaction.  On or about January 15, 2010, the Framer issued a check for $200,000 to BARNETT's company and mailed it from Michigan to BARNETT in Dutchess County, New York.

15.  On or about January 29, 2010, MICHAEL BARNETT, the defendant, sent to the General Contractor in Massachusetts a $200,000 check that he drew on the account into which BARNETT had deposited the check he received from the Framer.

### Statutory Allegations

16.   From at least in or about 2008 up to and including the date of this Indictment, in the Southern District of New York and elsewhere, MICHAEL BARNETT, the defendant, together with others known and unknown, knowingly and willfully did conspire and agree together and with each other to commit one and more offenses against the United States, in violation of Title 18, United States Code, Sections 1001, 1014, 1341, 1343 and 1957.

17.   It was a part and object of the conspiracy that MICHAEL BARNETT, the defendant, together with others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signals and sounds for the purpose of executing such scheme and artifice, thereby affecting a financial institution, in violation of Title 18, United States Code, Section 1343.

18.   It was a further part and object of the conspiracy that MICHAEL BARNETT, the defendant, together with others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent

pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things, to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom such matters and things and knowingly would and did cause to be delivered by mail and such carriers according to direction thereon, such matters and things, in violation of Title 18, United States Code, Section 1341.

19.   It was a further part and object of the conspiracy that MICHAEL BARNETT, the defendant, together with others known and unknown, willfully and knowingly would and did make a false statement and report for the purpose of influencing in any way the action of the Federal Housing Administration, and any division, officer, and employee thereof, and a mortgage lending business, and any person and entity that makes in whole and in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974, upon any application, advance, commitment, loan, and insurance agreement and application for insurance and a guarantee, and any change and extension of the same, by renewal, deferment of action and otherwise, and the acceptance, release, and substitution of

security therefor, in violation of Title 18, United States Code, Section 1014.

20. It was a further part and object of the conspiracy that MICHAEL BARNETT, the defendant, together with others known and unknown, knowingly and willfully would and did engage within the United States in monetary transactions in and affecting interstate commerce in criminal derived property of a value greater than $10,000, when that property was in fact derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

21. It was a further part and object of the conspiracy that MICHAEL BARNETT, the defendant, together with others known and unknown, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully would and did falsify, conceal, and cover up by trick, scheme, and device material facts, and make materially false, fictitious, and fraudulent statements and representations, and make and use false writings and documents knowing the same to contain materially false, fictitious and fraudulent statements and entries, in violation of Title 18, United States Code, Section 1001.

<u>Overt Acts</u>

22. In furtherance of the conspiracy and to effect the illegal objects thereof, MICHAEL BARNETT, the defendant,

8

together with others known and unknown, committed the following overt acts in the Southern District of New York and elsewhere:

a.    On or about September 14, 2009, BARNETT faxed false and inflated invoices to the Mortgagor.

b.    On or about October 4, 2009, BARNETT faxed false and inflated invoices to the Mortgagor.

c.    On or about October 27, 2009, BARNETT faxed inflated invoices to the Mortgagor.

d.    On or about July 2, 2009, BARNETT executed a "Contractor's and/or Mortgagor's Cost Breakdown" that set forth the Final Framing Price as the estimated cost of the Framer's work.

e.    On or about July 16, 2009, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

f.    On or about August 20, 2009, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

g.    On or about September 16, 2009, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

h.   On or about October 21, 2009, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

i.   On or about November 18, 2009, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

j.   On or about December 16, 2009, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

k.   On or about January 15, 2010, a representative of the Framer caused a $200,000 check to be sent to Barnett's company.

l.   On or about January 20, 2010, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

m.   On or about January 29, 2010, BARNETT wrote a $200,000 check to the General Contractor.

n.   On or about February 17, 2010, a representative of the General Contractor executed a Contract Requisition

containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

o.    On or about March 16, 2010, a representative of the General Contractor executed a Contract Requisition containing a false statement of the price of the rough carpentry for the Vineyard Commons development.

(Title 18, United States Code, Section 371.)

<u>COUNTS TWO THROUGH THIRTEEN</u>

(Wire Fraud)

The Grand Jury further charges:

23.    The allegations set forth in paragraphs 1 through 15 are repeated and realleged herein.

24.    From at least in or about 2009 up to and including at least in or about 2010, in the Southern District of New York and elsewhere, MICHAEL BARNETT, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signals and sounds for the purpose of executing such scheme and artifice, and aided and abetted the same, thereby affecting a financial institution, to wit, BARNETT (i) sent false and inflated invoices to the Mortgagor in order to induce the Mortgagor to

disburse funds to which BARNETT and the Vineyard Commons

development were not entitled; and (ii) aided and abetted

representatives of the General Contractor in providing false

information to the Mortgagor in order to induce the Mortgagor to

disburse funds to which BARNETT, the General Contractor, and the

Vineyard Commons development were not entitled.  Specifically,

on or about the dates set forth below, BARNETT caused to

following wire transmissions in furtherance of the scheme to

defraud set forth herein:

| Count | Approximate Date | Wire |
|---|---|---|
| 2 | September 14, 2009 | Fax of draw request and false and inflated invoices from BARNETT to the Mortgagor |
| 3 | October 4, 2009 | Fax of draw request and false and inflated invoices from BARNETT to the Mortgagor |
| 4 | October 27, 2009 | Fax of draw request and inflated invoices from BARNETT to the Mortgagor |
| 5 | July 27, 2009 | Wire transfer of money from the Mortgagor to the General Contractor |
| 6 | August 28, 2009 | Wire transfer of money from the Mortgagor to the General Contractor |

| Count | Approximate Date | Wire |
|---|---|---|
| 7 | September 23, 2009 | Wire transfer of money from the Mortgagor to the General Contractor |
| 8 | October 28, 2009 | Wire transfer of money from the Mortgagor to the General Contractor |
| 9 | November 30, 2009 | Wire transfer of money from the Mortgagor to the General Contractor |
| 10 | December 28, 2009 | Wire transfer of money from the Mortgagor to the General Contractor |
| 11 | January 26, 2010 | Wire transfer of money from the Mortgagor to the General Contractor |
| 12 | February 25, 2010 | Wire transfer of money from the Mortgagor to the General Contractor |
| 13 | March 26, 2010 | Wire transfer of money from the Mortgagor to the General Contractor |

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOURTEEN

### (Mail Fraud)

The Grand Jury further charges:

25.   The allegations set forth in paragraphs 1 through 15 are repeated and realleged herein.

13

26.   On or about January 15, 2010, in the Southern District of New York and elsewhere, MICHAEL BARNETT, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things, to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom such matters and things and knowingly did cause to be delivered by mail and such carriers according to direction thereon, such matters and things, and aided and abetted the same, to wit, BARNETT caused, and aided and abetted others in causing, the Framer to mail a $200,000 check from Michigan to Dutchess County, New York.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNTS FIFTEEN THROUGH TWENTY-SEVEN

(False Statements in Loan and Credit Applications)

The Grand Jury further charges:

27.   The allegations set forth in paragraphs 1 through 15 are repeated and realleged herein.

28.   From at least in or about 2009, up to and including at least in or about 2010, in the Southern District of New York and elsewhere, MICHAEL BARNETT, the defendant, willfully and knowingly made a false statement and report for the purpose of influencing in any way the action of the Federal Housing Administration, and any division, officer, and employee thereof, and a mortgage lending business, and any person and entity that makes in whole and in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974, upon any application, advance, commitment, loan, and insurance agreement and application for insurance and a guarantee, and any change and extension of the same, by renewal, deferment of action and otherwise, and the acceptance, release, and substitution of security therefor, and aided and abetted the same, to wit, BARNETT (i) sent false and inflated invoices to the Mortgagor in order to induce the Mortgagor to disburse funds to which BARNETT and the Vineyard Commons development were not entitled; (ii) executed a "Contractor's and/or Mortgagor's Cost Breakdown" that set forth Final Framing Price as the estimated cost of the Framer's work; and (iii) aided and abetted representatives of the General Contractor in providing false information to the Mortgagor in order to induce the Mortgagor to disburse funds to which BARNETT, the General Contractor, and the Vineyard Commons development were not entitled.  Specifically,

15

on or about the dates set forth below, BARNETT caused to be made
the false statements set forth herein:

| Count | Approximate Date | False Statement |
|---|---|---|
| 15 | September 14, 2009 | False and inflated dollar amounts in invoices BARNETT faxed to the Mortgagor |
| 16 | October 4, 2009 | False and inflated dollar amounts in invoices BARNETT faxed to the Mortgagor |
| 17 | October 27, 2009 | False and inflated dollar amounts in invoices BARNETT faxed to the Mortgagor |
| 18 | July 2, 2009 | The Final Framing Price, falsely set forth as the estimated cost of the Framer's work, in a "Contractor's and/or Mortgagor's Cost Breakdown" executed by BARNETT |
| 19 | July 16, 2009 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |
| 20 | August 20, 2009 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |

| Count | Approximate Date | False Statement |
|---|---|---|
| 21 | September 16, 2009 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |
| 22 | October 21, 2009 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |
| 23 | November 18, 2009 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |
| 24 | December 16, 2009 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |
| 25 | January 20, 2010 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |
| 26 | February 17, 2010 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |

| Count | Approximate Date | False Statement |
|-------|------------------|-----------------|
| 27 | March 16, 2010 | False statement of price of rough carpentry in a Contract Requisition submitted to the Mortgagor |

(Title 18, United States Code, Sections 1014 and 2.)

### COUNT TWENTY-EIGHT

(Engaging in Monetary Transactions in Property Derived From
Specified Unlawful Activity)

The Grand Jury further charges:

29. The allegations set forth in paragraphs 1 through 15 are repeated and realleged herein.

30. On or about January 29, 2010, in the Southern District of New York and elsewhere, MICHAEL BARNETT, the defendant, knowingly engaged within the United States in monetary transactions in and affecting interstate commerce in criminally derived property of a value greater than $10,000, that was derived from specified unlawful activity, and aided and abetted the same, to wit, BARNETT committed mail fraud by causing the Framer to mail a $200,000 check from Michigan to Dutchess County, New York, and then laundered that money by writing a $200,000 check to the General Contractor.

(Title 18, United States Code, Sections 1957 and 2).

## COUNTS TWENTY-NINE THROUGH THIRTY-ONE

### (False Statements)

The Grand Jury further charges:

31.   The allegations set forth in paragraphs 1 through 15 are repeated and realleged herein.

32.   In or about 2010, in the Southern District of New York and elsewhere, MICHAEL BARNETT, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device material facts, and made materially false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious and fraudulent statements and entries, and aided and abetted the same, to wit, BARNETT aided and abetted representatives of the General Contractor in providing false information, entered on HUD forms, to the Mortgagor, which statements were then forwarded to HUD, in order to induce the Mortgagor to disburse funds to which BARNETT, the General Contractor, and the Vineyard Commons development were not entitled.  Specifically, on or about the dates set forth below, BARNETT caused to be made the false statements set forth herein:

| Count | Approximate Date | False Statement |
|-------|------------------|-----------------|
| 29 | January 20, 2010 | False statement of price of rough carpentry in a Contract Requisition |
| 30 | February 17, 2010 | False statement of price of rough carpentry in a Contract Requisition |
| 31 | March 16, 2010 | False statement of price of rough carpentry in a Contract Requisition |

(Title 18, United States Code, Sections 1001(a) and 2.)

## FIRST FORFEITURE ALLEGATION

33.   As a result of committing the offense charged in Count One of this Indictment, MICHAEL BARNETT, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of this Indictment, including but not limited to the following:

a.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 10 Wintergreen Place, Hopewell Junction, New York 12533.

## SECOND FORFEITURE ALLEGATION

34.  As a result of committing the offenses charged in Counts Fourteen and Twenty-Eight of this Indictment, MICHAEL BARNETT, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of one or more of the offenses charged in Counts Fourteen and Twenty-Eight of this Indictment.

## THIRD FORFEITURE ALLEGATION

35.  As a result of committing the offenses charged in Counts Two through Thirteen and Fifteen through Twenty-Seven of this Indictment, MICHAEL BARNETT, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the commission of one or more of the offenses charged in Counts Two through Thirteen and Fifteen through Twenty-Seven of this Indictment.

## Substitute Assets Provision

36.  If any of the above-described forfeitable property, as a result of any act or omission of MICHAEL BARNETT, the defendant:

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third person;

       c.    has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to the following:

a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 6 Heather Court, Fishkill, New York 12524.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MICHAEL BARNETT

Defendant.

INDICTMENT

15 Cr. ___ (   )

(18 U.S.C. § 371, 1001(a), 1014, 1341,
1343, 1957, and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.